IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

    Plaintiff,                   No. CIV S-08-1609 JAM DAD P

   vs.

D.K. SISTO, et al.,

    Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). An initial partial filing fee of $.07 will be assessed by this order. See 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

I. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."

Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has filed with the court the form complaint, an additional twenty-eight page supplement, and nearly two hundred pages of exhibits. Plaintiff

names sixty-two defendants, as well as Doe defendants, and asserts twelve causes of action. Instead of providing specific allegations in support of each of his claims, plaintiff instead has set forth a chronological narrative of events covering a period of one and a half years. Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint is neither short nor plain. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint that is no longer than twenty-five (25) pages in length, including exhibits.

II. Requirements for Amended Complaint

In his amended complaint, plaintiff must provide only the pertinent factual allegations in support of each of his claims. The court will not accept lengthy narratives requiring the defendants and the court to guess as to which allegation pertain to each of plaintiff's claims.

The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a

general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III. Legal Standards for Claims

A. Excessive Force

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. See Whitley v. Albers, 475 U.S. 312, 319 (1986); Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to prevail on a claim of cruel and unusual punishment, plaintiff must satisfy a two-part test containing an objective prong and a subjective prong. First, plaintiff must show that, objectively, he suffered a sufficiently serious deprivation. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Second, plaintiff must satisfy a subjective inquiry into whether each prison official had a culpable state of mind in causing or allowing plaintiff's deprivation to occur. See id. at 299. Mere negligence is insufficient. See id.

"[W]henever prison officials stand accused of using excessive physical force . . . , the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7. See also Whitley, 475 U.S. at 320-22. The appropriateness of the use of force must be determined by the facts and circumstances of each case. See Michenfelder v. Sumner, 860 F.2d 328, 336 (9th Cir. 1988).

B. Conditions of Confinement

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however." Whitley, 475 U.S. at 319. The Constitution "does not mandate comfortable prisons," and prison conditions may be "restrictive and even harsh." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). The Constitution imposes on prison

officials a duty to provide humane conditions of confinement and to take reasonable measures to guarantee the safety of inmates. Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). Only "unnecessary and wanton infliction of pain" constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Whitley, 475 U.S. at 319; Ingraham, 430 U.S. at 670; Estelle, 429 U.S. at 105-06.

"[A] prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" Id. (quoting Wilson, 501 U.S. at 298). The second requirement, flowing from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment, is a subjective one; "[t]o violate the Cruel and Unusual Punishments Clause, a prison official must have had a 'sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297).

C. Medical Care Claim

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner
/////

satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (quoting Whitley, 475 U.S. at 319).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). See also McGuckin, 974 F.2d at 1060.

Finally, mere differences of opinion between a prisoner and prison medical staff as to proper medical care do not give rise to a § 1983 claim. Jackson v. McIntosh, 90 F.3d 330,
/////

332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

    D. Rules Violation Resulting in Forfeiture of Time Credits

In a § 1983 action for damages arising from an allegedly unconstitutional conviction, sentence, or rules violation resulting in the loss of time credits, a federal court must consider whether a judgment in plaintiff's favor would render his conviction, sentence or rules violation invalid. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 647-48 (1997) (holding that Heck applies to rules violations). To recover damages for any harm caused by actions whose unlawfulness would render a conviction, sentence or rules violation invalid, a § 1983 plaintiff must prove that the decision has been reversed, expunged, declared invalid, or called into question in a habeas action. Heck, 512 U.S. at 487. In such instances, the § 1983 claim must be dismissed unless "the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff." Id.

    E. Due Process Rights

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The state does not create protectable liberty interests by way of mandatory language in prison regulations. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Rather, the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

/////

To the extent that plaintiff challenges his placement in Ad-Seg, the Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of Administrative Segregation, see Hewitt, 459 U.S. at 466-68, and plaintiff does not have a state-created liberty interest in remaining free from placement in Ad-Seg under the circumstances described in plaintiff's complaint. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence). Even assuming for the sake of argument that plaintiff did have a liberty interest at stake, due process required only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).

    F. <u>Official Capacitiy Liability</u>

Official-capacity suits filed against state officials are merely an alternative way of pleading an action against the entity of which the defendant is an officer. Haler v. Melo, 502 U.S. 21, 25 (1991). The Eleventh Amendment prohibits monetary damages actions against state officials sued in their official capacity. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and is barred by the Eleventh Amendment).

IV. <u>Motion for Appointment of Counsel</u>

Plaintiff has requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel

pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore, the motion for appointment of counsel will be denied.

V. Request for Temporary Restraining Order, Preliminary and Permanent Injunction

Plaintiff has filed a document styled, "Order To Show Cause Motion For Emergency TRO And Preliminary And Permanent Injunction." (Doc. No. 4.) Therein, plaintiff seeks an order:

> enjoining the defendants, their successors in office, agents and employees and all other persons acting in concert and participation with them to provide the appropriate course of action to wean petitioner off of pain medication ie, physical therapy to restore and maintain painless quality of life, at least one hour out of cell exercise per day, reverse all adverse actions as a result of unconstitutional disciplinary hearing.
>
> [T]hat effective immediately and pending the hearing and determination of this order to show cause, the defendants Director of Corrections/warden shall arrainge [sic] for the plaintiff to be evaluated and the prescription for a course of physical therapy, and purge petitioner's C-File of all related disciplinary infractions refrenced [sic] to in the complaint based on due process violations, [d]enial of witness and documentary evidence to be presented at disciplinary hearing resulting in loss of liberties . . . .

(OSC at 1-2.) Plaintiff's motion will be denied as defective. See Local Rule 65-231(c) and (d)(2). In addition, plaintiff is advised that in order to obtain a preliminary injunctive relief he must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). Plaintiff has made neither showing here.

/////

/////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 14, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $0.07. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff shall use the form complaint provided by the court and the form complaint, supplemental pages, and exhibits may not exceed twenty-five pages; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's July 14, 2008 motion for appointment of counsel (Doc. No. 3) is denied without prejudice.

6. Plaintiff's July 14, 2008 request for injunctive relief (Doc. No. 4) is denied as defective.

7. The Clerk of the court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

DATED: March 26, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
john1609.14+