IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON

      Plaintiff,                      No. 08-cv-1609 JAM KJN P

    vs.

D.K. SISTO, et al.                FINDINGS AND RECOMMENDATIONS AND

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 26, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. (Dkt. No. 9.) Plaintiff filed an amended complaint and followed it with a motion for leave to file a second amended complaint. (Dkt. Nos. 13, 22.) The court will grant the motion and execute its duty to screen all pro se prisoners' complaints with respect to the second amended complaint.[1] 28 U.S.C. § 1915A.

---

[1] As the court informed plaintiff in its order of March 26, 2009, an amended complaint supercedes the original complaint. See Order at 5 (Dkt No. 9). The same is true of a second amended complaint with respect to the complaint that preceded it. Therefore, in granting the motion for leave to file the second amended complaint, the court renders the first amended complaint ineffective.

1

I.      Screening Order

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim.  Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

        The second amended complaint states some cognizable claims for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).  However, the complaint does not adequately plead each claim alleged against every defendant.  Rather, the court finds that if the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action only as to the following claims and defendants:

        With respect to Claim I for use of excessive force, the complaint states a viable cause of action against defendant J. Freeman III.

        With respect to Claim II for unlawful conditions of confinement, the complaint states a viable cause of action against defendants Sisto, Singh, Traquina, Cate, Greer, Gentry, Nuehring, Jones, Shockley, Fleishman and Petersen.

        With respect to Claim III for deliberate indifference to a serious medical need, the complaint states a viable cause of action against defendants Deur, Eck, Noriega and DeChant.

        With respect to Claim IV, the complaint does not state an independent cause of action against any defendant.  However, defendants to Claim II are apprised that to the extent plaintiff has alleged mental or psychological suffering as a result of his placement on contraband surveillance watch, that is an element of the cognizable claim for unconstitutional conditions of confinement stated in Claim II.  See Jordan v. Gardner, 986 F.2d 1521 (9th Cir. 1993).

        With respect to Claims V and VI, the complaint does not state a cause of action against any defendant.

        As the court stated in its initial screening order, the Eleventh Amendment prohibits suits for damages against state officials in their official capacities.  See Order at 9 (Dkt. No. 9)(citing Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989)).  Therefore, none of

plaintiff's claims is viable as a claim for damages against any defendant sued in his or her official capacity.

Plaintiff has also filed a motion for additional time in which to serve defendants and a motion for an order directing the U.S. Marshal to serve defendants. (Dkt. Nos. 19, 21.) An order regarding service of a pro se prisoner's complaint follows the successful screening of the complaint under 28 U.S.C. § 1915A and plaintiff's submission of the appropriate service documents. Such an order is therefore the prerogative of the court, not the plaintiff. Both of plaintiff's motions regarding service of his complaint will be denied. The court will order service upon the sixteen above-named defendants after plaintiff complies with the instructions for submitting service documents, set out in Paragraph 4 below.

II.     Findings and Recommendations

The court finds that plaintiff has not alleged viable claims against the thirty-five remaining defendants who are named in the second amended complaint but are not named in the screening order above. Therefore the undersigned recommends that all claims against those defendants, listed below, be dismissed without prejudice.

The court notes that plaintiff has now taken three opportunities to draft a pleading that adequately states the factual basis of a cause of action against each defendant. Plaintiff abided by the court's order that he restrict the actual complaint within twenty-five pages, but he ignored the court's order that the page restriction also include exhibits. See Order at 4 (Dkt. No. 9). The court finds that this infraction should not result in dismissal, but plaintiff has now exhausted the permissiveness for amending his complaint provided by Fed.R.Civ.P. 15(a). Plaintiff has successfully pled some claims against some defendants, but he has failed to do so against other defendants despite the court's allowances. Therefore, while plaintiff has the right to object to these findings and recommendations concerning his second amended complaint, plaintiff is admonished that the court will not grant leave to file a third amended complaint, and thus delay the progress of this case even further, without a showing of good cause.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The motion for leave to file a second amended complaint (Dkt. No. 22) is granted.

2. Service is appropriate for the following defendants: J. Freeman III, Sisto, Singh, Traquina, Cate, Greer, Gentry, Nuehring, Jones, Shockley, Fleishman, Petersen, Deur, Eck, Noriega and DeChant.

3. The Clerk of the Court shall send plaintiff sixteen USM-285 forms, one summons, an instruction sheet and a copy of the second amended complaint filed February 22, 2010.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Seventeen copies of the endorsed amended complaint filed February 22, 2010.

5. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. The motion for an extension of time in which to serve a summons (Dkt. No. 19) is denied.

7. The motion for an order directing the U.S. Marshal to serve process (Dkt. No. 21) is denied.

| | |
|---|---|
| 1 | IT IS HEREBY RECOMMENDED that all claims against the following |
| 2 | defendants be dismissed without prejudice: V.D. Brumfield, Anderson, Becerra, R.L. Bond, B. |
| 3 | Burns, Camacho, Camaya, ComyRomero, R. Cordova, DeGorgis, Durffy, Elisara, T. Ellior, V. |
| 4 | Fera, J.P. Fields, Francis, Freese, M. Grimm, Heath, M. Hogan, B. Johnson, Kharsa, S. Lee, |
| 5 | Lemus, Liu, Madil, N. Marquez, Menjavar, M. Ross, Scotland, K. Sillivan, Tamayo, Weaver, G. |
| 6 | Wong, and J. Zucker. |

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within twenty-one days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1609.1amd.new

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, No. CIV

vs.

NOTICE OF SUBMISSION

Defendants. OF DOCUMENTS

_____/

Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

_____ completed summons form

_____ completed USM-285 forms

_____ copies of the _____
Amended Complaint

DATED:

_____
Plaintiff