IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LACEDRIC W. JOHNSON, | | |
| | Plaintiff, | No. 2:08-cv-1609 KJM KJN P |
| vs. | | |
| D.K. SISTO, Warden, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis, with an action filed pursuant to 42 U.S.C. § 1983.  On February 1, 2011, defendant Fleischman filed a motion to dismiss on the grounds that the second amended complaint ("SAC") fails to state a cognizable deliberate indifference claim under the Eighth Amendment, and that defendant Fleischman is entitled to qualified immunity.  After receiving an extension of time, plaintiff filed an opposition on April 4, 2011.  Defendant filed a reply on April 8, 2011.  For the reasons set forth below, the undersigned recommends that defendant Fleischman's motion be granted. and plaintiff's claims against defendant Fleischman be dismissed.

////

////

II. Motion to Dismiss

      A.  Plaintiff's Second Amended Complaint

Plaintiff is proceeding on the SAC filed February 22, 2010, against sixteen defendants, alleging three separate causes of action. (Dkt. Nos 23 (SAC); 25 (Order) at 3.) Plaintiff alleges he was "tortured" during his placement in four point restraints for contraband surveillance watch ("CSW") beginning on July 23, 2006, through August 4, 2006. (SAC at 4-5.) Plaintiff was placed in an administrative segregation cell and was restrained to a bunk on his back by four-point leather restraints. (SAC at 6.) Plaintiff alleges he was subjected to the following conditions: continuous exposure to air conditioning; insufficient bedding, which consisted of one thin sheet; insufficient clothing, which was only one pair of boxer shorts until July 27, 2006, when plaintiff was provided a jumpsuit that was allegedly too small and cut off plaintiff's circulation; extremely limited exercise; constant exposure to light and noise; and limited movement during sleep. (SAC at 6-7.) Plaintiff alleges he suffered back and neck pain, delusions and anxiety, high blood pressure and high cholesterol, stress and sleep deprivation. (SAC at 7.) On August 4, 2006, plaintiff allegedly suffered an onset of paraplegia of the lower extremities requiring plaintiff's evacuation by helicopter to the John Muer Medical Center in Walnut Creek, California. (SAC at 12.)

As to defendant Fleischman, plaintiff alleges defendant Fleischman was a psychiatrist assigned to administrative segregation, along with other psychiatrists, who "ignored" plaintiff during the "inhumane torturous" 4-point restraint procedure as defendant and others "walked past the open cell door daily." (SAC at 12.) Plaintiff also contends defendant Fleischman and the other psychiatrists allegedly "failed to adhere to CCR § 1058 Restraint Gear Use protocol." (Id.) Plaintiff claims he "suffered both physical and mental anguish from being fully immobilized for 11 days." (Id.)

In paragraph 15 of the SAC, plaintiff claims that "the defendants listed in paragraph 6," one of whom was defendant Fleischman,

|     |     |
| --- | --- |
| 1   | were assigned to observe or report [those] conditions that caused excessive harm to plaintiff's health which was apparent to them; they failed to respond to the unsafe conditions of plaintiff's confinement, or intervene in the CSW [contraband surveillance watch] restraint policy/procedure that held plaintiff under inhumane conditions 7/23/06 to 8/4/06. These conditions included exposure to continual A/C, denial of adequate bedding (only thin sheet that left extremities exposed), denial of adequate clothing (boxer shorts only). |

(SAC at 6-7.)

### B. Legal Standards

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

3

would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

        C.   The Parties' Arguments

Defendant contends that plaintiff has failed to state a cognizable deliberate indifference claim under the Eighth Amendment as to defendant Fleischman. Defendant argues that plaintiff failed to allege facts demonstrating that defendant Fleischman was actually aware of any of the conditions of plaintiff's confinement or aware that the alleged conditions posed a substantial risk of harm to plaintiff's health or safety. Defendant also contends that plaintiff has failed to allege facts demonstrating that defendant Fleischman was the cause of the alleged deprivation of plaintiff's federally protected right or showing how defendant Fleischman's failure to act injured plaintiff. (Dkt. No. 74 at 7.) Defendant states that title 15, Section 1058, of the California Code of Regulations does not impose a duty of care on defendant Fleischman regarding the use of mechanical restraints because Section 1058 is applicable only to local detention facilities, not the state prison system, citing Cal. Code Regs. tit. 15 §§ 1058 and 1006.[1]

---

[1] Section 1058 provides, in pertinent part:

> The facility administrator, in cooperation with the responsible physician, shall develop written policies and procedures for the use of restraint devices and may delegate authority to place an inmate in restraints to a physician. In addition to the areas specifically outlined in this regulation, at a minimum, the policy shall address the following areas: acceptable restraint devices; signs or symptoms which should result in immediate medical/mental health referral; availability of cardiopulmonary resuscitation equipment; protective housing of restrained persons; provision for hydration and sanitation needs; and exercising of extremities.

Cal. Code Regs. tit. 15 § 1058. Section 1006 defines "facility administrator" as "the sheriff,

1   In response, plaintiff attempts to add factual allegations as to defendant
2   Fleischman. In the opposition to the motion to dismiss, signed under penalty of perjury, plaintiff
3   now claims the following:
4   Allegedly, defendant Fleischman was a contract psychologist who was assigned to
5   the administrative segregation unit ("ASU") from July 23, 2006, to 2007, "pursuant to California
6   Code of Regulations ("CCR") Title 15, § 3342[2] Case Review (upon information and belief)."
7   (Dkt. No. 81 at 2.) Plaintiff contends defendant Fleischman "failed to do Plaintiff's case." (Id.)
8   Plaintiff renews his claim that prison staff failed to adhere to the policy regulating the use of

////

////

---

chief of police, chief probation officer, or other official charged by law with the administration of a local detention facility/system." Cal. Code Regs. tit. 15 § 1006. "'Local detention facility' means any city, county, city and county, or regional jail, camp, court holding facility, or other correctional facility, whether publicly or privately operated, used for confinement of adults or of both adults and minors, but does not include that portion of a facility for confinement of both adults and minors which is devoted only to the confinement of minors." Id.

[2] Section 3342 states:

> (a) The case of every inmate assigned to a segregated housing unit will be continuously reviewed and evaluated by custodial and casework staff assigned to the unit. Staff will confer on each case no less frequently than once a week during the first two months of the inmate's segregated status. Such case reviews will not be necessary during any week in which the inmate's case is reviewed by a regular or special classification committee or by staff who are authorized to take classification actions. Any significant observations, determinations or recommendations, will be documented on the inmate's Detention/Segregation Record, CDC Form 114-A.
>
> (b) Psychological Assessment. A psychological assessment of the inmate's mental health will be included in the case review and classification committee review of inmates assigned to segregated housing units. When any indication of psychiatric or psychological problems exists, the case will be referred to the institution's psychiatrist or psychologist for further evaluation and recommended classification committee actions, if any.

Cal. Code Regs. tit. 15 § 3342.

mechanical restraints under Cal. Code Regs. tit. 15 § 3268.2(b).³ (Dkt. No. 81 at 2.)

In the accompanying declaration, plaintiff avers that he was restrained in cell #128, which was located directly across from the sergeant's office and station where committee reviews were held by prison administration, i.e., the warden, counselor and an unidentified psychologist. (Dkt. No. 81 at 7-8.) Plaintiff states that committee was held every Thursday. (Dkt. No. 81 at 8.) Plaintiff states that defendant Fleischman was assigned to the ASU as a psychologist to "tend to the psychological needs of inmates housed in ASU, to make routine checks of inmates who were newly assigned to the ASU for thirty (30) day orientation psych evaluations, and to sit in on [the] committee review panel." (Dkt. No. 81 at 8.) Plaintiff claims that defendant Fleischman "was one of many staff members to look in on the Plaintiff along with the Warden, D.K. Sisto 7/27/06 (¶ 19 2nd Amended Complaint) during the first week assigned to potty-watch." (Dkt. No. 81 at 8.) Plaintiff claims defendant Fleischman was "an eye witness" to plaintiff's "torture" yet "failed to intervene." (Dkt. No. 81 at 9.) Plaintiff alleges that:

> As a Psychologist, Dr. Fleischman had to take an oath to practice his professions to which has a prohibition against torture and it is mandated under this prohibition against torture to intervene in this torturous practice, i.e., 4-point restraining inmates for prolonged periods of time without medical and psychological preventive

---

³ Section 3268.2(b) provides:

(b) Mechanical means of physical restraint may be used only under the following circumstances:

(1) When transporting a person between locations.

(2) When a person's history, present behavior, apparent emotional state, or other conditions present a reasonable likelihood that he or she may become violent or attempt to escape.

(3) When directed by licensed health care clinicians, to prevent a person from attempting suicide or inflicting injury to himself or herself.

Cal. Code Regs. tit. 15 § 3268(b). Section 3268(f) states that: "Use of restraint equipment by direction of licensed health care clinicians shall be fully documented in the medical file of the restrained inmate parolee." Cal. Code Regs. tit. 15 § 3268(f).

measures in place.

(Dkt. No. 81 at 9.) Plaintiff further claims defendant Fleischman was

> acting in the scope and capacity of his assigned duty as a psychologist/psychiatrist assigned to [the ASU] to oversee, assess, evaluate and monitor the mental health of inmates assigned and housed in administrative segregation, [and his] failure to act or respond to inmate[s] he visually observed on CSW [contraband surveillance watch] being tortured via 4-point restraint procedure . . . for [a] prolonged period of time is arbitrary and capricious and a disregard to the health and safety of human life.

(Id.)

In reply, defendant contends that plaintiff's new factual allegations fail to cure the factual deficiencies in the SAC, and argues that plaintiff's allegation that defendant Fleischman observed plaintiff in restraints once during the first week plaintiff was restrained is insufficient to state a cognizable claim that defendant Fleischman knew about the conditions of confinement now alleged by plaintiff. Although defendant concedes that plaintiff correctly sets forth the California prison regulations requiring that the prison conduct a case review of inmates assigned to the ASU each week in the first two months of an inmate's placement in the ASU, and that the review must include a psychological assessment, defendant argues that plaintiff has failed to allege

> facts or legal authorities suggest[ing] that Fleischman was legally required to perform a psychological assessment or that the failure to provide a psychological assessment caused [plaintiff] to be injured by his confinement during contraband surveillance watch, or that failure to perform such an evaluation constitutes deliberate indifference.

(Dkt. No. 85 at 4.)[4]

D. Legal Standard for Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth

---

[4] A contraband watch has been explained as "a special temporary confinement used to determine whether an inmate has ingested or secreted contraband in his digestive tract and, if so, to recover it." Chappell v. Mandeville, 2009 WL 900151 at * 3, n.5 (E. D. Cal. March 31, 2009).

1  Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain."
2  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive
3  and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical
4  care, and personal safety.  Id.  Where a prisoner alleges injuries stemming from unsafe conditions
5  of confinement, prison officials may be held liable only if they acted with "deliberate
6  indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.
7  1998).

 In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer v. Brennan, 511 U.S. 825, 847 (1994); Frost, 152 F.3d at 1128.  A plaintiff who claims that the conditions of his confinement fall below the constitutional standard must make two showings.  "First, the plaintiff must make an 'objective' showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation."  Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citation omitted). "The Constitution . . . 'does not mandate comfortable prisons, and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citations omitted).  Second, the prisoner must make a "subjective" showing that prison officials

> acted with the requisite culpable intent such that the infliction of pain is "unnecessary and wanton."  In prison conditions cases, prison officials act with the requisite culpable intent when they act with deliberate indifference to the inmate's suffering.

Anderson v. County of Kern, 45 F.3d 1310, 1312 (9th Cir. 1995).

 E.  Application

 Plaintiff's allegations against defendant Fleischman in both the SAC, and as supplemented in plaintiff's opposition, fail to state a cognizable conditions of confinement claim in violation of the Eighth Amendment.  First, the alleged facts that defendant Fleischman walked

by plaintiff's cell daily or looked in on plaintiff once during the first week plaintiff was restrained, without more, do not rise to the level of deliberate indifference. A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knew that the inmate faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. Farmer, 511 U.S. at 837-45. Here, plaintiff was restrained to a bunk in four point restraints, partially covered with a blanket. Although plaintiff now claims the unconstitutional conditions were "apparent," the court is unable to draw such an inference from such bare factual allegations. Plaintiff's allegations that the acts of walking by or looking in on one occasion, made defendant Fleischman aware of the allegedly "tortuous" conditions of confinement as described by plaintiff, or that defendant Fleischman's subsequent failure to act constituted deliberate indifference, do not render such inferences plausible. Plaintiff has failed to allege facts that demonstrate defendant Fleischman knew plaintiff was restrained, how or to what extent the restraints limited plaintiff's movements, or for what period of time plaintiff was restrained. Plaintiff fails to even allege defendant Fleischman looked into plaintiff's cell when walking by daily. In the allegation that defendant Fleischman "looked in on" plaintiff on one occasion, plaintiff fails to allege any interaction took place between plaintiff and defendant Fleischman. Therefore, the facts as alleged are insufficient to raise an inference that defendant Fleischman consciously disregarded a substantial risk of harm to plaintiff's health or safety under these circumstances. These bare factual allegations do not rise to the level of deliberate indifference.

Second, plaintiff has also failed to allege facts demonstrating that defendant Fleischman was aware that plaintiff was allegedly exposed to a substantial risk of serious harm. Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost, 152 F.3d at 1128. Plaintiff has failed to demonstrate that defendant Fleischman was aware that plaintiff was allegedly suffering psychological or medical problems

that required attention or that plaintiff faced serious harm. Plaintiff does not allege that he told defendant Fleischman that he was experiencing psychological distress or needed medical attention. Plaintiff does not allege that he spoke to defendant Fleischman or in any way made defendant Fleischman aware that plaintiff was being subjected to "torture" or suffering harm from the placement in four point restraints. Plaintiff's allegations that defendant Fleischman walked by plaintiff's cell daily, or "looked in on" plaintiff's cell one time during the first week plaintiff was placed in restraints, are insufficient to demonstrate that defendant Fleischman knew of and disregarded a substantial risk of serious harm to plaintiff.

Third, plaintiff has failed to allege facts demonstrating that defendant Fleischman was legally required to act under the circumstances. "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff alleges that defendant Fleischman had to take an oath to practice his profession which allegedly includes a prohibition against torture or to intervene if defendant Fleischman witnesses torture. However, plaintiff failed to identify such an oath. If plaintiff is referring to the Hippocratic Oath, "do no harm," "violation of the Hippocratic Oath, in itself, does not state a claim for a constitutional violation." Brady v. Halawa Correctional Facility Medical Unit Staff, 2006 WL 2520607, *13 at n.16 (D. Hawaii, 2006.) In any event, it is unlikely defendant Fleischman was required to take the Hippocratic Oath because he is a psychologist, not a physician, medical doctor, or psychiatrist. The Hippocratic Oath is "usually taken by physicians about to enter the practice of their profession." Stedman's Medical Dictionary 822 (27th ed. 2000).

Moreover, although plaintiff claims that defendant Fleischman was assigned to the ASU, he does not allege that defendant Fleischman was assigned to conduct a psychological evaluation of plaintiff during the CSW. Indeed, plaintiff names more than one psychiatrist in the

1  SAC, including defendant Petersen and "Jane and John Does psychiatrist" (dkt. no. 23 at 12),
2  raising a reasonable inference that any of them could have been responsible for the assessment in
3  the ASU or for any required evaluation during the CSW.  In any event, plaintiff has failed to
4  allege facts demonstrating the alleged failure to conduct a psychological assessment rose to the
5  level of deliberate indifference.  Mere negligence on the part of the defendant is not sufficient to
6  establish liability, but rather, the defendant's conduct must have been wanton.  <u>Farmer</u>, 511 U.S.
7  at 835; <u>Frost</u>, 152 F.3d at 1128.  Also, negligence or medical malpractice in diagnosing or
8  treating a condition is not a constitutional violation.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976);
9  <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002).  Plaintiff has not alleged facts
10 demonstrating defendant Fleischman's failure to act was wanton.  Plaintiff must allege an
11 omission sufficiently harmful to demonstrate defendant Fleischman was deliberately indifferent
12 when he failed to act and was legally required to act.  Plaintiff has failed to do so.

13          Finally, plaintiff failed to plead a connection between defendant Fleischman and
14 plaintiff's placement in restraints.  Plaintiff does not state that defendant Fleischman personally
15 participated in plaintiff's physical restraint, or was responsible for plaintiff's placement and
16 retention in the contraband watch, or was responsible for specifically monitoring plaintiff while
17 held in restraints.  Title 42 U.S.C. § 1983 requires that there be an actual connection or link
18 between the actions of the defendants and the deprivation alleged to have been suffered by
19 plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 692 (1978) ("Congress did
20 not intend § 1983 liability to attach where . . . causation [is] absent.")  Neither the allegations in
21 the SAC or as supplemented in the opposition demonstrate a link or actual connection between
22 the actions or inactions of defendant Fleischman and the alleged constitutional deprivation
23 alleged by plaintiff.

24          For all of the above reasons, plaintiff has failed to state a cognizable civil rights
25 claim against defendant Fleischman, and defendant's motion to dismiss defendant Fleischman
26 should be granted.  The facts as pled demonstrate that plaintiff is unable to amend his claim

against defendant Fleischman to rectify the above deficiencies. Accordingly, plaintiff should not be permitted to amend the SAC to reallege his claims against defendant Fleischman.[5]

F. Qualified Immunity

Defendant also contends that defendant Fleischman is entitled to qualified immunity. In light of the above recommendations, the court need not address this alternative argument.

IV. Conclusion

Accordingly, this court recommends that defendant's motion to dismiss be granted, and plaintiff's claims against defendant Fleischman be dismissed, without leave to amend, based on plaintiff's failure to state a cognizable civil rights claim against defendant Fleischman. Fed. R. Civ. P. 12(b)(6).

IT IS HEREBY RECOMMENDED that:

1. Defendant's February 1, 2011 motion to dismiss (dkt. no. 74) be granted; and

2. Plaintiff's claims against defendant Fleischman be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

---

[5] The record also supports this decision. This action is proceeding on plaintiff's second amended complaint, which was plaintiff's third effort "to draft a pleading that adequately states the factual basis of a cause of action against each defendant." (Dkt. No. 25 at 4.) On March 26, 2010, plaintiff was admonished that he is now required to show good cause to further amend. (Id.) On September 15, 2010, the court issued a pretrial scheduling order. Now that the scheduling order has issued, in order to seek leave to amend at this late stage of the proceedings, plaintiff must also demonstrate his diligence under Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1609.mtd