IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC JOHNSON,

    Plaintiff,                    No. 2:08-cv-1609 KJM KJN P

    vs.

D.K. SISTO, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding in forma pauperis. On May 2, 2012, plaintiff filed a document entitled "Motion to Alter or Amend a Partial Judgment Pursuant to Fed. R. Civ. P. 59(e)." (Dkt. No. 132.) Plaintiff claims that he filed objections to the findings and recommendations, but that plaintiff's request to amend, included within such objections, was not addressed. (Id.) It appears plaintiff refers to his March 26, 2012 objections. (Dkt. No. 128.)

        Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

        First, judgment has not yet been entered; therefore, there is no judgment to alter or amend. Plaintiff's motion is dismissed without prejudice.

        Second, plaintiff claims the court did not state why it "declined to exercise supplemental jurisdiction over the dangerous conditions claims." (Dkt. No. 132 at 2.) However,

1

the district court did not decline to exercise jurisdiction over state law claims.  (Dkt. No. 130.)  Plaintiff's second amended complaint does not allege state law claims.  (Dkt. No. 23.)  Rather, plaintiff alleges only violations of his federal constitutional rights.  (Id.)  State law claims must be pled in the operative pleading to give defendants notice of plaintiff's claims against them.

    Third, if plaintiff seeks to amend to add state law claims, he must file a separate motion for leave to amend, accompanied by a proposed third amended complaint.  As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute.  See 28 U.S.C. § 1915A.  Because plaintiff did not submit a proposed amended complaint, the court is unable to evaluate it.  Thus, plaintiff's request to amend, placed within objections to findings and recommendations, was ineffective.

    Fourth, plaintiff is cautioned that because the court has issued a scheduling order in this action, plaintiff must demonstrate good cause to support amending at this late stage of the proceedings.  Fed. R. Civ. P. 16; Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Proc. 16(b)(4).  The "good cause" standard "focuses on the diligence of the party seeking amendment."  Id. at 607 (citing Johnson, 975 F.2d at 609).  The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson, 975 F.2d at 609 (internal quotation marks omitted).  "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotation marks omitted).  In addition to a lack of diligence, "prejudice to the party opposing the modification" may supply additional reasons to deny modification.  Johnson, 975 F.2d 609.

    Accordingly, IT IS HEREBY ORDERED that:

    1.  Plaintiff's May 2, 2012 motion (dkt. no. 132) is denied without prejudice; and

////

2. Plaintiff's March 26, 2012 request to amend (dkt. no. 128) is denied without prejudice.

DATED: June 5, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1609.59e