IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

      Plaintiff,                    No. 2:08-cv-1609 KJM KJN P

    vs.

D. K. SISTO, Warden, et al.,

      Defendants.           ORDER

_____/

        On August 6, 2012, plaintiff filed a document entitled "Notice of Supplemental Pleading." (Dkt. No. 139.) Plaintiff attempts to file a supplemental pleading alleging state law claims pursuant to Rule 15(d) of the Federal Rules of Civil Procedure. Plaintiff included his efforts to supplement his pleading in his August 6, 2012 objections. (Dkt. No. 140.) However, Rule 15(d) provides as follows:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Id. Plaintiff did not file a motion to file a supplemental pleading, and plaintiff's allegations are not based on events that happened after the date of the second amended complaint. Rather,

1

plaintiff attempts to raise, for the first time, state law claims based on the allegations pled in the original and second amended complaint. Thus, plaintiff's attempt to supplement his pleading is denied without prejudice to a motion to amend the second amended complaint to newly-allege state law claims under this court's supplemental jurisdiction. However, plaintiff is advised that

> Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:
>
> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id. An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also L.R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.). Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Moreover, because a pretrial scheduling order has been filed in this action, resolution of a motion to amend is governed by Rule 16 of the Federal Rules of Civil Procedure. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). "Once the district court filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 . . . that rule's standards controlled." Id. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Here, on September 15, 2010, the court issued its first scheduling order. (Dkt. No. 37.) Thus, while amendment of pleadings is ordinarily liberally granted under Federal Rule of Civil Procedure 15(a), a movant

1  must demonstrate "good cause" to justify amendment under Federal Rule of Civil Procedure
2  16(b). Johnson, 975 F.2d at 606-07. The "good cause" standard "focuses on the diligence of the
3  party seeking amendment." Id. at 607 (citing Johnson, 975 F.2d at 609). The district court may
4  modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party
5  seeking the extension." Johnson, 975 F.2d at 609 (internal quotation marks omitted). "If the
6  party seeking the modification was not diligent, the inquiry should end and the motion to modify
7  should not be granted." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002)
8  (internal quotation marks omitted). In addition to a lack of diligence, "prejudice to the party
9  opposing the modification" may supply additional reasons to deny modification. Johnson, 975
10 F.2d at 609.

11         Accordingly, IT IS HEREBY ORDERED that plaintiff's August 6, 2012 request
12 to supplement his pleading (dkt. no. 139) is denied without prejudice.

13 DATED: September 10, 2012

                                            _____
                                            KENDALL J. NEWMAN
                                            UNITED STATES MAGISTRATE JUDGE

17 john1609.sup