IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

    Plaintiff,                    No.  2:08-cv-1609 KJM KJN P

   vs.

D.K. SISTO, Warden, et al.,

    Defendants.             <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On May 8, 2012, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days.  Plaintiff has filed objections to the findings and recommendations.[1]

---

[1] Plaintiff's objections were due on or before July 25, 2012, and his objections were handed to prison authorities for mailing on July 20, 2012.  Thus, under the mailbox rule, plaintiff's objections were timely filed.  <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the <u>Houston</u> mailbox rule applies to § 1983 complaints filed by pro se prisoners"),

1

1       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having careful reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed May 8, 2012, are adopted in full.

2. Defendant Noriega's January 27, 2012 motion to dismiss is granted in part, and denied in part as follows:

   A. Defendant Noriega's motion to dismiss plaintiff's claim that defendant Noriega was deliberately indifferent to the blood in plaintiff's stool is granted; and

   B. Defendant Noriega's motion to dismiss plaintiff's claim that defendant Noriega was deliberately indifferent to plaintiff's serious medical needs during the CSW is denied.

3. Defendant Noriega is ordered to file an answer within twenty-one days from the date of this order.

DATED: September 26, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

quoting Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

[2] In his objections, plaintiff claims that defendant Noriega is also liable under a state law theory of negligence. (Dkt. No. 140 at 3.) However, plaintiff did not plead state law claims in his second amended complaint. (Dkt. No. 23.) Thus, the court cannot invoke supplemental jurisdiction over plaintiff's newly-pled allegations. Fed. R. Civ. P. 15(a)(1) (plaintiff may amend his pleading once as a matter of course). See also September 10, 2012 order. (Dkt. No. 141.) In addition, plaintiff suggests he has a claim against Nurse Deur for failing to summon assistance while plaintiff was in CWS and against D.K. Sisto for authorizing four-point immobilization during CWS isolation. Again, plaintiff's attempt to amend his complaint or revive claims the magistrate judge has earlier found unavailing is inappropriate as part of his objections.

2