IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LACEDRIC W. JOHNSON,

      Plaintiff,                     No. 2:08-cv-1609 KJM KJN P

    vs.

D.K. SISTO, et al.,

      Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. On March 8, 2013, plaintiff filed a motion for injunctive relief. Plaintiff claims that for the last five months, "prison staff" at Pleasant Valley State Prison have been limiting plaintiff's access to the court through an

> exact-cite paging system which requires [plaintiff] to cite cases verbatim on a paging document to have the materials brought to a study cage on a designated day for review[,] which is also limited to three items.

(Dkt. No. 154 at 2.) Plaintiff claims this limitation to court access violates the First Amendment. (Id.) He seeks an order compelling defendants, their successor agents, and employees of California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, to provide plaintiff, while he is housed in the administrative segregation unit, with access to law

1

library provisions and materials consistent with general population inmates.[1]  (Id. at 3.)

However, in plaintiff's second amended complaint, plaintiff claims that while he was incarcerated at California State Prison - Solano ("CSP-SOL"), defendant Freeman allegedly used excessive force on plaintiff on July 23, 2006.  (Dkt. No. 23 at 16.)  After the use of force, plaintiff was placed on contraband surveillance watch, during which plaintiff contends his Eighth Amendment rights were violated by the remaining defendants, either due to alleged unlawful conditions of confinement, or alleged deliberate indifference to plaintiff's serious medical needs.  (Id., *passim*.)  All of the defendants named here were employed at CSP-SOL, not Pleasant Valley State Prison.

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994) (citations omitted); see also Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997).  If this showing of relationship is not made, the court should not consider the factors for the issuance of preliminary relief.  In re Microsoft Antitrust Litigation, 333 F.3d 517, 526 (4th Cir. 2003).  As provided by Federal Rule of Civil Procedure 65, a court may issue a preliminary injunction to preserve the relative position of the parties pending trial on the merits.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).

Because there is no relationship between the allegations in the operative complaint and the relief sought against prison staff at Pleasant Valley State Prison concerning plaintiff's access to the court, plaintiff has not shown he is entitled to injunctive relief.

---

[1] Throughout his filing, plaintiff claims other similarly situated inmates are denied law library access, and requests that he and other inmates housed with him be provided with relief.  (Id., *passim*.)  However, this case is not proceeding as a class action.  It is well established that a layperson cannot ordinarily represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Thus, the court construes the motion as seeking relief solely on behalf of plaintiff.

However, even assuming, arguendo, there were such a connection, plaintiff failed to show he is entitled to injunctive relief.

Injunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the moving party is entitled to such relief. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter, 555 U.S. at 22. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. Lewis, 518 U.S. at 350-55; see also Alvarez v. Hill, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing Lewis, 518 U.S. at 353 & n.4). To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his claim or conditions of confinement. Id. at 354-55. Delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests." Lewis, 518 U.S. at 362.

Therefore, the right of access to the court is limited to the initiation of a court action. The state is not required to enable the prisoner to discover grievances or to litigate

effectively once in court. Id. at 354. "[W]e conclude the Supreme Court has clearly stated that the constitutional right of access requires a state to provide a law library or legal assistance only during the pleading stage of a habeas or civil rights action." Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir. 1995).

In the instant case, plaintiff challenges Pleasant Valley State Prison's policy of providing law library access to inmates housed in administrative segregation, as opposed to the general population. Plaintiff does not allege an actual injury, but complains concerning his ability to effectively litigate his claims. Thus, plaintiff's claim of inadequate law library access is not covered within the scope of an access to the courts claim. Therefore, the motion should be denied.

IT IS HEREBY RECOMMENDED that plaintiff's March 8, 2013 motion for injunctive relief be denied without prejudice. (Dkt. No. 154.)

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

john1609.pi